DECISION AND JOURNAL ENTRY
{¶ 1} This appeal is from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated an injunction and allowed Summit County Children Services Board ("CSB") to remove three minor children from the home of prospective adoptive parents. The appeal was filed by an attorney who purported to represent the three children at issue. This Court dismisses the appeal because the attorney was not an authorized representative of the children and had no authority to file an appeal on their behalf.
 I. {¶ 2} In August 2005, CSB filed complaints alleging that the two older children at issue in this case, D.S., born September 19, 2004, and D.S., born August 19, 2005, were dependent and abused. A younger sibling, K.S., was born during the pendency of the case and was also removed from her parents' custody. *Page 2 
 {¶ 3} On September 6, 2005, the trial court appointed an attorney to represent the children in the dual capacity of attorney and guardian ad litem. After the youngest child was added to the case, the trial court appointed the same attorney to represent her as both attorney and guardian ad litem. That attorney has continued to represent all three children as attorney and guardian ad litem throughout the proceedings.
 {¶ 4} The parents later voluntarily relinquished their parental rights and, on July 30, 2007, the trial court placed D.S., D.S., and K.S. in the permanent custody of CSB. On August 10, 2007, the children were placed in the home of Randall and Donna Sandy, with a goal that the Sandys would adopt them. By April 2008, however, the Sandys had apparently become aware that CSB planned to remove the children from their home and place them in another home pending adoption.
 {¶ 5} On April 14, 2008, Attorney Charles W. Olminsky, Jr. filed a one-page notice of appearance, indicating that he was representing the three minor children. Three days later, Olminsky filed a motion on behalf of the Sandys, seeking injunctive relief to prevent CSB from removing the children from the Sandy home and to prevent CSB from taking the children to a pre-placement visit with the other family. The trial court enjoined CSB from conducting a pre-placement visit and/or moving the children and set the matter for a hearing. Prior to the hearing, Olminsky also filed a motion to intervene on behalf of the Sandys. The trial court held a hearing on both motions and Olminsky appeared at the hearing solely on behalf of the Sandys. The attorney/guardian ad litem appeared at the hearing on behalf of the children.
 {¶ 6} The trial court later denied the Sandys' motion to intervene, terminated the prior injunction, and found that it was in the best interests of the children to move them out of the Sandy home to a new adoptive placement. *Page 3 
 {¶ 7} Attorney Olminsky filed a notice of appeal, purporting to represent only the three minor children.
 II. {¶ 8} Initially, this Court must determine whether this appeal is properly before us. This appeal was filed by Attorney Olminsky, purportedly on behalf of three children at issue. CSB moved to dismiss the appeal, contending that Olminsky did not have authority to file an appeal on behalf of the children because he had no authority to represent them as legal counsel.
 {¶ 9} When an attorney enters an appearance on behalf of a party, it is usually presumed that he has authority to do so, unless the record demonstrates that his authority is lacking. See Armstrong v. MarathonOil Co. (Apr. 6, 1984), 3d Dist. No. 5-84-9. Although Olminsky filed one notice of appearance in the trial court in which he indicated that he was appearing on behalf of the children, the record reveals that he had no authority to do so.
 {¶ 10} More than two years before Olminsky filed a notice of appearance, the trial court had appointed an attorney to represent the children in the dual capacity of attorney and guardian ad litem. That same attorney had continued to represent the children in that dual capacity for the next several years. At the hearing on the Sandys' motions, Olminsky appeared on behalf of the Sandys and never once indicated that he was also attempting to represent the children. The attorney/guardian ad litem appeared at the hearing on behalf of the children, in the same capacity as he had appeared at all prior hearings during the past three years.
 {¶ 11} The appointment of counsel to represent indigent parties is an inherent power of the court, as it is necessary to the orderly and efficient exercise of its jurisdiction. See State ex rel. Butler v.Demis (1981), 66 Ohio St.2d. 123, 129. The children in this case, all under the age of five years old, were in the custody of CSB, subject to the jurisdiction of the juvenile court, and *Page 4 
the juvenile court had issued an order appointing them legal counsel. Any decision to change the children's legal representation was necessarily left to the trial court. The trial court never authorized a removal of the attorney/guardian ad litem, however; nor did it authorize any other attorney to represent these children.
 {¶ 12} Although Olminsky asserted at the oral argument that the Sandys had hired him to represent the children because the attorney/guardian ad litem had not adequately represented the children's interests, there is nothing in the record to demonstrate any merit to such an allegation. Moreover, it remained for the trial court to authorize a change in counsel and this issue was never raised in the trial court prior to Olminsky entering his notice of appearance or filing this appeal.
 {¶ 13} Because the trial court had appointed an attorney to represent the children and that court order remained in effect, Attorney Olminsky had no authority to act as a legal representative of these children. Consequently, he acted without authority when he filed a notice of appeal on behalf of the children in this case. This appeal was not filed by an aggrieved party or an authorized representative and is not properly before this Court. The appeal is therefore dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is *Page 5 
instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Attorney Olminsky.
SLABY, P. J., WHITMORE, J. CONCUR. *Page 1